UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD DYLAN JONES, | No. 2:19-cv-01814- AC |
| Plaintiff, | |
| v. | ORDER |
| LIBERTY MUTUAL INSURANCE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 5.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.  Complaint

Plaintiff sues Liberty Mutual Insurance Company, Stephen Tognetti (insurance investigator), Derik Tredinnick (Placer County Sheriff Officer), and Amber Cruz (insurance adjuster) for violations of constitutional rights under 42 U.S.C. § 1983 and violations of the Privacy Act. ECF No. 1 at 1-2. The alleged violations occurred in El Dorado County, California. Id. at 1. First, plaintiff alleges that "privileged and confidential" e-mails between an insurance adjuster and investigator, which contained health information that would have been protected by HIPPA, were released by the insurance adjuster to law enforcement without permission, a warrant, or subpoena in violation of the Privacy Act. Id. at 3. The insurance information is allegedly related to plaintiff's once-insured property (firearms). Id.

Second, plaintiff brings a claim of retaliation for free speech. Id. at 4. Plaintiff alleges that after several years of attempting to collect a valid debt owed on a contract, he warned the organization and individual agents that they would be facing litigation. Plaintiff filed three separate complaints with the department of insurance, and expressed "privileged protected opinions on his social media." Id. Plaintiff alleges that the defendants retaliated several days later by contacting Sheriffs in another jurisdiction and releasing private information to law

3

enforcement officers.  Plaintiff alleges that adjuster requested a temporary restraining order as retaliation.  Id.

Third and finally, plaintiff alleges that on March 22, 2019, officers improperly served the plaintiff with an expired temporary restraining order and/or a warrant (the complaint is unclear) that was not signed by a judge and did not have a court stamp.  Id. at 5.  Plaintiff alleges his access to the courts was deprived by an unlawful arrest at the court house steps 21 minutes before the hearing.  Id.  Officer Tredinnick's March 26, 2018 report states that plaintiff was arrested for violating the temporary restraining order by sending an email on March 22, 2018.  Id.

IV.     Analysis

    A.  Plaintiff Cannot State a Privacy Act Claim

Plaintiff's Privacy Act claim necessarily fails because the Privacy Act does not apply to private people or corporations, and plaintiff is clearly attempting to state this claim against the insurer defendants.  The Privacy Act creates a cause of action only against a governmental entity.  Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985).  The case law is clear on this; plaintiff cannot bring a Privacy Act claim against a private insurance company.  Further, to the extent plaintiff may be attempting to bring a claim pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), which requires the confidentiality of medical records, "HIPAA itself does not provide for a private right of action."  Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

Plaintiff's first claim cannot proceed, as a matter of law.  If plaintiff includes a Privacy Act claim (or HIPAA claim) in an amended complaint, the undersigned will recommend its dismissal.

    B.  Plaintiff Cannot State a First Amendment Claim

Plaintiff cannot state a First Amendment claim against any defendant based on the facts alleged.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). In general, the "First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. Hartman v. Moore, 547 U.S. 250, 256 (2006). To prevail on a claim of retaliation for asserting First Amendment rights, a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." Hartman, 547 U.S. at 259. "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019). In retaliatory arrest and retaliatory prosecution claims, the plaintiff must also plead and prove the absence of probable cause. Id. at 1726.

To the extent the claim is made against a private actor, it is important to note that "[t]he Free Speech Clause of the First Amendment constrains governmental actors and protects private actors. To draw the line between governmental and private, [courts apply] what is known as the state-action doctrine. Under that doctrine, as relevant here, a private entity may be considered a state actor when it exercises a function 'traditionally exclusively reserved to the State.'" Manhattan Cmty. Access Corp. v. Halleck, 139 S. Ct. 1921, 1926 (2019).

Here, plaintiff is alleging that Liberty Mutual and/or its agents violated the First Amendment by requesting a restraining order against him for his social media complaints about the company and for e-mails that he sent. ECF No. 1 at 4. Plaintiff cannot state a First Amendment claim. Because the private insurance company is not constrained by the First Amendment and nothing about plaintiff's complaint indicates that Liberty Mutual is performing a function traditionally reserved to the State, there can be no First Amendment retaliation claim against Liberty Mutual or its agents. See Manhattan Cmty. Access Corp., 139 S. Ct. at 1926. Requesting a restraining order does not turn the private entity into a government actor. Further, though the allegation appears clearly directed at the private company, to the extent plaintiff attempts to assert this claim against police, it still fails. Plaintiff's complaint does not plead an

5

absence of probable cause, or even clearly connect his speech to any action taken by state actors. Indeed, the facts alleged establish probable cause: they indicate that police were responding to a request by the private company for protection against harassing communications. ECF No.1 at 4.

Because the facts alleged do not violate the First Amendment, this claim may not proceed. If plaintiff includes this claim in an amended complaint, the undersigned will recommend its dismissal.

        C.   Plaintiff's Fourth Amendment Claim is Unclear

The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers. Mapp v. Ohio, 367 U.S. 643, 655 (1961). An arrest without a warrant or probable cause violates the Fourth Amendment and can support § 1983 liability. See Dubner v. City & County of San Francisco, 266 F.3d 959, 964–65 (9th Cir. 2001). Here, plaintiff alleges that on March 22, 2018, he was served an expired temporary restraining order and that even if the restraining order was valid "the document" did not have the required signature by the judge or a court stamp. ECF No. 1 at 5. Plaintiff alleges he was falsely arrested for violating the restraining order on March 22, 2018 because he sent an e-mail documenting the improper service. Id. Plaintiff says the documents missing were the "WV100" and "WV120." Plaintiff states he was arrested on the courthouse steps before a hearing at which he then failed to appear. Id.

The facts supporting plaintiff's false arrest claim are not sufficiently clear under Federal Rule of Civil Procedure 8(a)(2). Though the Rule requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the claim must contain enough clear factual content to put the defendant on notice of the basis for the claims. Twombly, 550 U.S. at 555. Here, it is unclear whether plaintiff is alleging that there was an arrest warrant that was unsigned and therefore invalid, or that the underlying temporary restraining order was invalid, or both. ECF No. 1 at 5. It is also unclear how the incident at the courthouse steps relates to the temporary restraining order, and exactly how the only officer defendant in this case is involved. In order to comply with Rule 8, plaintiff must provide a clear recitation of the facts establishing what exactly was done, by whom, and when, to violate this which Constitutional rights.

## V. Leave to Amend

Plaintiff is granted leave to amend in order to clarify the factual basis of his Fourth Amendment claim. While he is free to restate his Privacy Act and First Amendment claims, the undersigned has concluded that the facts of which plaintiff complains cannot state claims for relief on those grounds. Accordingly, if plaintiff restates his Privacy Act and First Amendment claims, the undersigned will recommend their dismissal.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his Fourth Amendment constitutional rights. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how the remaining named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

7

The complaint will not be served at this time, but you are being given a chance to submit an amended complaint.

Your Fourth Amendment claim does not include enough information for the court to tell whether you have stated a claim for relief. To show your Fourth Amendment rights were violated, you must provide facts that show you were arrested without a warrant or probable cause, and you must explain how the defendant(s) were involved.

Your Privacy Act and First Amendment claims are not appropriate to go forward. Private persons and insurance companies cannot be liable under the Privacy Act, and the First Amendment applies only to governments. You can't sue private parties on these grounds.

VII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint will not be served. Plaintiff is granted leave to file an amended complaint.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

////

////

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 16, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE