UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD DYLAN JONES, | No. 2:19-cv-01814 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| DERIK TREDINNICK, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's motion (ECF No. 33) that the undersigned reconsider the pending recommendation that this case be dismissed without prejudice for failure to prosecute (ECF No. 32).

This is the second time that dismissal for failure to prosecute has been recommended, and that plaintiff has sought to rewind the clock so that he could continue to pursue the case. On August 18, 2020, after plaintiff failed to oppose defendants' motion to dismiss, the undersigned ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF No. 24. Plaintiff failed to respond to the OSC, and the undersigned accordingly recommended dismissal on September 2, 2020. ECF No. 28. On September 18, 2020, plaintiff filed a belated response to the OSC, explaining that problems within the prison had prevented his receipt of the motion to dismiss, and that his subsequent release from prison had prevented his timely receipt of the OSC. ECF No. 29. The docket reflects that plaintiff had not previously

1

notified the court of his release or submitted a change of address.  Nonetheless, in light of plaintiff's lack of notice of the motion and OSC, the undersigned vacated the Findings and Recommendations and reinstated the motion to dismiss.  ECF No. 30.

When plaintiff again failed to timely oppose the motion, the undersigned again recommended dismissal for failure to prosecute.  ECF No. 32.  Plaintiff now seeks withdrawal of the recommendation.  ECF No. 33.

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion."  Id.

Other than its caption, plaintiff's present motion for reconsideration is a verbatim reproduction of his September 2020 filing explaining his initial failure to oppose the motion to dismiss.  Compare ECF No. 29 (response to order to show cause) with ECF No. 33 (motion for reconsideration).  The facts presented address the challenges that plaintiff faced through mid-September.  These facts were the basis for the court's previous decision to vacate the first recommendation for dismissal.  Plaintiff has provided no additional facts regarding his failure to respond after the court reinstated the motion and set a new deadline for his opposition.  Because

the motion for reconsideration presents no "new or different facts or circumstances," it must be denied.

Plaintiff is reminded that the recommendation for dismissal will be considered and ruled on by the district judge.  Plaintiff should direct his objections to the district judge.  His objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  The undersigned will extend the deadline for objections.

For the reasons stated above, it is HEREBY ORDERED as follows:

1. The motion to reconsider, ECF No. 33, is DENIED;
2. The deadline for objections to the pending Findings and Recommendations, ECF No. 32, is extended to November 23, 2020.

Dated: October 23, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE